UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KIM BRAUNESREITHER, | ) | CIV. 12-4017-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT'S |
| WALTER KEATING, JR., | ) | MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |

Defendant, Walter Keating, Jr., moves the court to dismiss Kim Braunesreither's complaint in its entirety. Docket 5. Keating argues that Braunesreither's claims for breaking and entering, burglary, and rape are not valid civil causes of action under South Dakota law. Keating also argues that Braunesreither's claims for assault, battery, and false imprisonment are barred by the applicable statutes of limitations. Braunesreither opposes the motion. For the following reasons, Keating's motion is granted in part and denied in part.

**FACTUAL BACKGROUND**

The pertinent facts, according to the complaint (Docket 1), are as follows:

Braunesreither is a resident of Yankton County, South Dakota. Keating is a citizen of Canada.

Braunesreither alleges that on July 15, 2009, Keating forcibly entered Braunesreither's residence without her permission. Once in the residence, Braunesreither alleges that Keating used force and threats of force to commit acts of oral and vaginal penetration upon her and without her consent. Keating also allegedly used force and threats of force to prevent Braunesreither from leaving her residence. Because of these actions, Braunesreither claims she suffers from severe anxiety, fear, and other emotional and physical pain.

Braunesreither filed her complaint in this court on February 3, 2012.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review the complaint as a whole to determine whether the plaintiff has stated a claim upon which relief can be granted. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). The facts alleged in the complaint must be considered true, and all inferences must be viewed in favor of the nonmoving party. *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 317 (8th Cir. 2004). The Supreme Court has recently held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Braden,* 588 F.3d at 594 (quoting *Iqbal,* 556 U.S. at 678)).

"As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (internal quotations omitted).

## DISCUSSION

### I. Causes of Action

Keating argues that Braunesreither's claims for breaking and entering, burglary, and rape are not recognized civil causes of action under South Dakota law.

Turning first to the breaking and entering claim, neither party has provided authority on point. Likewise, the court did not find authority that recognizes the existence of the tort of breaking and entering in South Dakota. This, however, does not end the inquiry because the court finds that the language in the complaint sounds in trespass. Under South Dakota law, "[o]ne who intentionally and without a consensual or other privilege (a) enters land in possession of another or any part thereof or causes a thing or third person so to do, or (b) remains thereon is liable as a trespasser[.]" *Benson v. State*, 710 N.W.2d 131, 159 (S.D. 2006). The complaint states that "Keating did unlawfully and without the Plaintiff's consent forcibly entered [sic] the

3

Plaintiff's residence[.]" Docket 1 at ¶ 6. Therefore, the court finds that Braunesreither has pleaded a trespass cause of action.

Keating also argues that South Dakota law does not recognize a civil cause of action for burglary. Braunesreither did not respond to Keating's argument in her reply brief. In *Leafgreen v. American Family Mut. Ins. Co.*, 393 N.W.2d 275, 276-77 (S.D. 1986), the South Dakota Supreme Court characterized conduct that constituted criminal burglary as conversion. The court agrees with Keating and concludes that South Dakota does not recognize an independent tort of burglary, but instead the claim will be construed to be one for conversion. Under South Dakota law, "[c]onversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right." *Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 766 (S.D. 2002). Braunesreither did not plead any facts in her complaint that can be construed to support a cause of action for conversion.

With regard to the rape claim, in *Merkwan v. Leckey*, 376 N.W.2d 52, 53 (S.D. 1985), the South Dakota Supreme Court treated the plaintiff's rape claim as if it were a claim of assault and battery for purposes of a statute of limitations analysis. Again, Braunesreither has not offered the court any authority that suggests that South Dakota recognizes the independent tort of rape, and the court has not found such authority. Thus, the court concludes

4

that South Dakota law does not recognize the tort of rape independent from the traditional torts of assault and battery.

In light of the preceding discussion, Braunesreither's remaining claims are for assault, battery, false imprisonment, trespass, and intentional infliction of emotional distress.

## II. Statute of Limitations Defense

Keating argues that Braunesreither's claims of assault, battery, and false imprisonment are barred by the statute of limitations. Assault, battery, and false imprisonment have two-year statute of limitations periods. SDCL 15-2-15(1). Braunesreither alleges in her complaint that the facts that support such claims occurred "on or about July 15, 2009." Docket 1 at ¶4. This action was commenced on February 3, 2012, over six months after the two-year statute of limitations expiration date of July 15, 2011. Docket 1. Therefore, Keating argues that Braunesreither's claims of assault, battery, and false imprisonment should be dismissed pursuant to Rule 12(b)(6). *See Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (noting that a statute of limitations defense is a ground for Rule 12(b)(6) dismissal only when the complaint itself establishes the defense).

Braunesreither responds in two ways. First, Braunesreither argues that the claims are of a personal injury nature and should be allowed to proceed under the three-year statute of limitations for personal injury actions as set

5

forth in SDCL 15-2-14. Second, Braunesreither argues that the two-year statute of limitations period was tolled under SDCL 15-2-20 because Keating was out of the state.

SDCL 15-2-14(3) provides a three-year statute of limitations period for actions in personal injury, "except where, in special cases, a different limitation is prescribed by statute." Braunesreither argues that her claims of assault, battery, and false imprisonment sound in personal injury and should receive the statute of limitations period found in § 15-2-14(3). Braunesreither's argument fails because the language in § 15-2-14 makes it clear that the three-year period does not apply in the special cases where there is a different limitation prescribed by a separate statute. Here, such a statute exists. SDCL 15-2-15 provides a two-year statute of limitations period for "an action for libel, slander, assault, battery, or false imprisonment." SDCL 15-2-15(1). Therefore, a two-year statute of limitations period applies to Braunesreither's claims for assault, battery, and false imprisonment.

Braunesreither also argues that the two-year statute of limitations period should be tolled under SDCL 15-2-20, which provides that "if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action[.]" Braunesreither argues that because Keating is a resident of Canada, and for

the majority of the statute of limitations period was in Canada, the limitation period was tolled under SDCL 15-2-20.

The issue here is whether Braunesreither was required to plead tolling in her complaint to avoid a Rule 12(b)(6) motion to dismiss. Because this is a diversity case, this court applies South Dakota law to determine substantive issues and federal law to determine procedural issues. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The rules governing the sufficiency of pleadings are procedural in nature, and the court applies federal law to determine the sufficiency of the pleadings here. *Roberts v. Francis*, 128 F.3d 647, 650-51 (8th Cir. 1997).

The Eighth Circuit Court of Appeals has previously been confronted with the issue of whether a plaintiff is required to plead a basis for tolling in the complaint but chose not to decide the issue. *Jessie v. Potter*, 516 F.3d 709, 713 (8th Cir. 2008) ("We will . . . leave to another day the question of whether a Rule 12(b)(6) dismissal would also be proper when a plaintiff fails to plead a basis for tolling in the complaint."). In side-stepping the issue, the Eighth Circuit recognized that "[b]ar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove." *Id.* at 713 n.2. Plaintiffs, on the other hand, are not required to anticipate defenses nor are they required to attempt to defeat defenses in their pleadings. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[A] plaintiff

7

need not plead facts responsive to an affirmative defense before it is raised."). The Eighth Circuit has noted that "a district court may be required to hold an evidentiary hearing on an equitable tolling claim" if the record has not been developed. *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008). Lastly, the Federal Rules of Civil Procedure only require that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Courts in other circuits have examined whether a plaintiff is required to plead facts that support the tolling of the statute of limitations. The Fifth Circuit Court of Appeals has generally held that "[b]ecause the statute of limitations is an affirmative defense and not a pleading requirement, it is an issue that must be resolved through discovery and summary judgment or trial." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011); *see also Richards v. Mitcheff*, No. 11-3227, 2012 WL 3217627, at *1-*2 (7th Cir. Aug. 9, 2012) ("What a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them."). When discussing equitable tolling, the Ninth Circuit Court of Appeals concluded that "the allegations of the complaint alone will *not* properly yield a conclusion that equitable tolling does not apply." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). The Ninth Circuit further stated that the "sole issue is whether the complaint, liberally construed in

light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Id.*

The Fourth and Fifth Circuit Courts of Appeal have held that Rule 12(b)(6) dismissal based on the statute of limitations defense should only be granted when the plaintiff, through his or her complaint, forecloses any potential retort to a statute of limitations defense. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007); *Jaso v. The Coca Cola Co.*, 435 Fed. App'x 346, 352 (5th Cir. 2011). In summary, these courts have concluded that a Rule 12(b)(6) dismissal based on a statute of limitations defense is rarely appropriate, and when dismissal is appropriate, it is because the complaint clearly shows that the statute of limitations defense is impenetrable.

Courts have applied a stricter test when the plaintiff's claim sounds in fraud and thus must meet the heightened pleading requirements of Rule 9(b). *See, e.g., Summerhill v. Terminix, Inc.,* 637 F.3d 877, 881 (8th Cir. 2011) ("Under Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, must be pleaded with particularity.") (internal quotations omitted); *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 991-92 (9th Cir. 2006); *Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir. 2004) (plaintiff's equitable estoppel defense to statute of limitations was barred where plaintiff failed to plead with particularity any fraudulent behavior); *Larson v. Northrop Corp.*, 21 F.3d 1164,

9

1173 (D.C. Cir. 1994) (holding "allegations of fraudulent concealment, which toll the statute of limitations, must meet the particularity requirements" of Rule 9(b)). To ensure that its holding was only applicable in the limited circumstances in which the Rule 9(b) heightened pleading standards exist, the Ninth Circuit Court of Appeals stated "[w]e express no opinion as to pleading requirements if the object of the conspiracy is non-fraudulent." *Wasco Products, Inc.*, 435 F.3d at 992. Here, Braunesreither has not alleged a claim for fraud in her complaint. As a result, the heightened pleading requirements found in Rule 9(b) are not present. Thus, the court concludes that the cases that require a plaintiff to affirmatively plead tolling are distinguishable from the facts here.

In conclusion, the court finds that Braunesreither was not required to plead tolling in her complaint. The complaint does not entirely foreclose the possibility that Braunesreither can successfully rebut Keating's statute of limitations defense because the complaint includes an allegation that Keating resides in Canada. More generally, a plaintiff is not required to anticipate defenses and attempt to defeat them within the complaint. The burden is on the defendant to prove a defense, including a statute of limitations defense. Lastly, Braunesreither's claims do not sound in fraud and are not subject to heightened pleading requirements. As a result, Braunesreither was not required to plead tolling in her complaint, and her claims for assault, battery,

10

and false imprisonment are not subject to a Rule 12(b)(6) motion to dismiss based on a statute of limitations defense.

Even if Braunesreither were required to plead tolling, the court finds that she properly did so. The South Dakota Supreme Court has held that "the defendant's mere absence from the state does not activate the tolling provisions of SDCL 15-2-20." *Openhowski v. Mahone*, 612 N.W.2d 579, 582 (S.D. 2000). "The absence of the defendant from the state must be coupled with the plaintiff's inability to pursue [her] remedy because of the absence." *Id.* Keating argues that Braunesreither did not plead facts that showed her inability to pursue her remedy as a result of Keating's absence and, therefore, did not satisfy her Rule 8 obligations.

Rule 8 does not require a plaintiff to plead specific facts explaining precisely how the defendant's conduct was unlawful. *Braden*, 588 F.3d at 595. Therefore, Braunesreither is not required to plead specific facts explaining precisely how the defendant's conduct hampered her ability to pursue her remedy. Rule 8 requires that the plaintiff merely "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In her complaint, Braunesreither indicated that Keating is a citizen of Canada. Docket 1 at ¶2. The assertion that Keating is a citizen of Canada put Keating on notice that he was plausibly absent from

South Dakota during the limitations period, thus notifying him of the potential applicability of the tolling provision found in SDCL 15-2-20.

### III. Intentional Infliction of Emotional Distress

Keating argues that Braunesreither's complaint cannot support a separate cause of action for intentional infliction of emotional distress solely to circumvent the shorter limitations periods for assault, battery, and false imprisonment. Because the court has already decided that Braunesreither's claims for assault, battery, and false imprisonment are not dismissed, Keating's argument is moot at this point in the litigation.

## CONCLUSION

South Dakota law does not recognize the independent civil causes of action for breaking and entering, burglary, or rape. Here, however, Braunesreither's complaint alleges the causes of action for assault, battery, false imprisonment, intentional infliction of emotional distress, and trespass. Braunesreither's claims for assault, battery, and false imprisonment can plausibly be tolled by SDCL 15-2-20 and should not be dismissed as a result. Accordingly, it is

ORDERED that Keating's motion to dismiss Braunesreither's claims for breaking and entering, burglary, and rape (Docket 5) is granted.

IT IS FURTHER ORDERED that Keating's motion to dismiss Braunesreither's claims for assault, battery, false imprisonment, and intentional infliction of emotional distress (Docket 5) is denied.

Dated November 1, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE